# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**FLOYD L. SEMONS,**

    Plaintiff,

  v.                                          Case No. 19-CV-1595

**NATHAN WOLF,**

    Defendant.

---

## SCREENING ORDER

---

Plaintiff Floyd L. Semons, an inmate confined at the Waupun Correctional Institution ("WCI"), filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that the defendant violated his civil rights. This matter is before me now on Semons's motion for leave to proceed without prepaying the filing fee, for screening of his complaint, and on his other pending motions.

I have jurisdiction to resolve Semons's motion to proceed without prepaying the filing fee, to screen the complaint, and to resolve Semons's other requests in light of Semons's consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

1. *Motion for Leave to Proceed without Prepaying the Filing Fee*

The Prison Litigation Reform Act (PLRA) applies to this case because Semons was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On November 18, 2019, the court ordered Semons to pay an initial partial filing fee of $1.31. (ECF No. 11.) Semons paid that fee on December 16, 2019. The court will grant Semons's motion for leave to proceed without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

2. *Screening the Complaint*

    *2.1 Federal Screening Standard*

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and it holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*2.2 Semons's Allegations*

Semons sues Nathan J. Wolf, a correctional officer at WCI. (ECF No. 1 at 1.) He alleges that on July 7, 2018, Wolf saw Semons holding onto his food trap in his

3

cell in segregation and, in response, sprayed his "O.C fogger weapon" into Semons's cell "for a long period of time." (*Id.* at 2–3.) Semons alleges that "work rules" permit only supervisors to use the OC fogger and for only one second at a time. (*Id.* at 3.) He alleges that Wolf called him "a piece of shit" and used the fogger again "for a long period of time." (*Id.*) Wolf then ordered Semons to come to the cell door and, when Semons complied, sprayed him a third time in the face. (*Id.*)

Wolf called to the cell a supervisor, who told Semons to come out from his cell. (ECF No. 1 at 3–4.) Semons was allowed to shower and saw a nurse for medical treatment. (*Id.* at 4.) Semons grieved Wolf's actions, but he alleges that his grievance and appeal went unresolved. (*Id.*) Yet he also alleges that the warden of WCI ordered review of the video from the July 7, 2018 incident. (*Id.* at 5.) An unnamed supervisor reviewed the video and concluded that, because Semons was not a threat to himself or another, the OC fogger should not have been used on him. (*Id.*) Semons alleges that he "suffered loss of breathing" and second degree burns from Wolf's use of the fogger. (*Id.* at 6.)

Semons further alleges that Wolf lied in his conduct report about the incident, in which he falsely stated that Semons was reaching for a staff member when Wolf used the OC fogger and that Semons yelled profanities at Wolf as he used the fogger. (ECF No. 1 at 8–9; *see id.* at 11–12.) Semons grieved Wolf's allegedly false statements, but Wolf was not disciplined for lying on the conduct report. (*Id.* at 9.)

Semons asserts claims under the Eighth and First Amendments. (ECF No. 1 at 15.) He seeks compensatory and punitive damages. (*Id.*)

*2.3 Analysis*

Semons's claim against Wolf arises under the Eighth Amendment, which protects a convicted inmate from cruel and unusual punishments. *See generally Wilson v. Seiter*, 501 U.S. 294 (1991). "[T]he unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). Establishing an Eighth Amendment claim of excessive force requires a showing that (1) "the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation," and (2) "'the officials act[ed] with a sufficiently culpable state of mind.'" *Hudson*, 503 U.S. at 8 (quoting *Wilson*, 501 U.S. at 298, 303). The "core judicial inquiry" is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 6 (citing *Whitley*, 475 U.S. at 320–21).

Semons alleges that Wolf sprayed him three times with an incapacitating spray merely because Semons was reaching for a food cart. He alleges that he was not a threat to himself or anyone else. He also alleges that Wolf used the spray for long periods of time, even though the spray is meant to be used for only one second at a time, causing him second-degree burns and shortness of breath. Taking his allegations as true, Semons states an Eighth Amendment claim against Wolf.

Semons asserts that Wolf's actions also violated prison policies permitting only supervisors to use the spray and for only one second at a time. But § 1983 "protects against 'constitutional violations, not violations of . . . departmental regulation

5

and . . . practices.'" *Estate of Simpson v. Gorbett*, 863 F.3d 740, 746 (7th Cir. 2017) (quoting *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003)). The violation of a prison policy does not state a claim under § 1983. *See Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001).

Semons also seeks to proceed on a claim that Wolf defamed him. Defamation is a state-law claim, which the court may consider under its supplemental jurisdiction, 28 U.S.C. § 1367(a). This claim may be brought under § 1983 only if the plaintiff alleges that the defendant defamed him "in support of the violation of some established constitutional right." *Edwards v. Strahota*, No. 15-CV-845-PP, 2016 WL 614697, at *6 (E.D. Wis. Feb. 16, 2016). To state a defamation claim in Wisconsin, Semons must allege that there was (1) a false statement; (2) communicated by speech, conduct, or in writing to a person other than the one defamed; which (3) was "unprivileged and tends to harm one's reputation so as to lower one in the estimation of the community." *Kennedy v. Children's Serv. Soc. of Wisconsin*, 17 F.3d 980, 983 (7th Cir. 1994).

Semons alleges that Wolf lied in his conduct report about the July 7, 2018 incident, during which Wolf allegedly used excessive force on Semons. His theory appears to be that Wolf lied about Semons's actions that led him to use the OC fogger to prove that his acts were warranted and not excessive. Even if that is so, the written communication was not unprivileged; it was in a conduct report not available to the public (or even the prison) at large. Semons does not allege that the conduct report was dispersed to others within WCI. Nor does Semons allege how Wolf's allegedly

6

false statements harmed his reputation in the prison or any other community. Accordingly, he does not state a claim for defamation.

Nor does Semons state a claim about his inmate complaint or appeal. Semons did not attach his complaint but did attach the report on the complaint and appeal. (ECF No. 1 at 13–14.) An inmate complaint examiner recommended that the complaint be dismissed but referred for further investigation. (*Id.* at 14.) A corrections complaint examiner similarly recommended dismissal of the appeal but noted that the matter had been referred for investigation. (*Id.* at 13.) Contrary to Semons's allegation, his complaint was resolved but adversely to him. The actions of the inmate complaint examiners does not state a claim. *See George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation.").

3. *Pending Motions*

Semons also has filed several motions. He first requests that his complaint be screened and that the defendants be ordered to file a "special report" in response. (ECF No. 19.) Because I screened the complaint in this order, Semons's request that the court screen the complaint is **DENIED as moot**. I will order service on defendant Wolf and order him to respond to the complaint. It is not clear from the motion how the "special report" Semons requests differs from the answer Wolf must file. Semons's request is therefore **DENIED**.

Semons moves for a preliminary injunction, in which he seeks a restraining order against an unknown staff member of the Waupun business office. (ECF No. 21.)

7

He alleges that the staff member kept him from sending the initial partial filing fee of $1.31 to the court in violation of his rights under the First Amendment. (*Id.*) The court has received Semons's payment of $1.31, so no injunction is needed to obtain that payment. He also alleges that an unknown segregation staff member gave him a pen, which he is not allowed to have for his own safety. (*Id.*) Semons asserts this was "a set up" and states he fears for his life. (*Id.*) A preliminary injunction is inappropriate "to prevent the possibility of some remote future injury." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (quoting 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948.1, pp. 154–55 (2d ed. 1995)). Semons suggests the unknown staff member gave him the pen so that he would use it to harm himself, but he alleges no actual injury or likelihood of injury from receiving the pen. A preliminary injunction against the unknown staff member is an extreme and inappropriate remedy for this situation. *See id.* (reaffirming the Supreme Court's "characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief"). Accordingly, Semons's request for a preliminary injunction is **DENIED**.

Finally, Semons moves for a response to his case, in which he asks the court to respond to his complaint within fourteen days. (ECF No. 25.) I advise Semons to be patient. I recognize that Semons filed his complaint several months ago, but Semons must also recognize his complaint is one among many. Semons's motion for a response to his case is **DENIED as moot**.

**THEREFORE, IT IS ORDERED** that Semons's motion for leave to proceed without prepaying the filing fee (ECF No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that Semons's requests that the court screen his complaint and for a special report (ECF No. 19), for a preliminary injunction (ECF No. 21), and for a response to the case (ECF No. 25), are **DENIED**.

Under an informal service agreement between the Wisconsin Department of Justice and this court, a copy of the complaint and this order have been electronically transmitted to the Wisconsin Department of Justice for service on defendant Nathan J. Wolf. It is **ORDERED** that, under the informal service agreement, defendant Wolf shall file a responsive pleading to the complaint within 60 days.

**IT IS FURTHER ORDERED** that the agency having custody of Semons shall collect from his institution trust account the $348.69 balance of the filing fee by collecting monthly payments from Semons's prison trust account in an amount equal to 20% of the preceding month's income credited to Semons's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Semons is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Semons is confined

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Semons is further advised that failure to make a timely submission may result in the dismissal of this case for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

Dated at Milwaukee, Wisconsin, this 13th day of March 2020.

**BY THE COURT:**

_s/ Nancy Joseph_
NANCY JOSEPH
United States Magistrate Judge