# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**FLOYD L. SEMONS,**

      Plaintiff,

    **v.**                            **Case No. 19-CV-1595**

**NATHAN WOLF,**

      Defendant.

---

## ORDER

---

On March 13, 2020, I screened the *pro se* complaint filed by plaintiff Floyd L. Semons and allowed him to proceed on an Eighth Amendment claim of excessive force against the defendant. (ECF No. 26.) Semons now moves to amend or supplement his complaint with additional information about his Eighth Amendment claim and about a defamation claim on which I did not permit him to proceed. (ECF No. 34.)

Under Federal Rule of Civil Procedure 15, "[a] party may amend its pleading once as a matter of course within" twenty-one days of service or within twenty-one days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). Semons's request to amend does not fall within that timeframe. He therefore may amend "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Rule instructs courts to "freely give leave when justice so requires." *Id.* Nonetheless, district courts retain discretion whether to allow amendment and may deny the request because of "undue delay, bad faith or dilatory motive on the part of the

movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Relevant to his Eighth Amendment claim, Semons seeks to supplement his complaint with Employee Investigation Reports filed against defendant Nathan Wolf about the incident underlying this lawsuit. (ECF No. 34-2.) Semons asserts that this new information proves his claim, shows Wolf violated prison policies, and entitles him to the relief he seeks. This new information does not add a claim against Wolf. It merely bolsters Semons's existing claim against him. As I concluded in the screening order, Semons's claim that Wolf violated prison policies does not state a claim under § 1983. (ECF No. 11 at 5–6.) Semons is instructed that if he wishes to use this information in support of his claim going forward, he must attach these documents to any forthcoming dispositive motion or with his response to any dispositive motion the defendant files. (ECF No. 32 at 2 (instructing parties to submit "motions to dismiss and motions for summary judgment, together with supporting materials"). He may not rely on the documents as attached to and discussed in this motion.

Semons also seeks to add new information regarding a defamation claim. (ECF No. 34-1.) I did not permit Semons to proceed on this claim. (ECF No. 11 at 6–7.) As I explained, the conduct report in which the defendant allegedly falsified information about Semons was privileged and not available to the public. (*Id.*) The new information Semons submits does not change my analysis. Semons may not

2

supplement his complaint with this information and may not proceed on a defamation claim against the defendant.

**IT IS THEREFORE ORDERED** that Semons's motion to amend or supplement his complaint (ECF No. 34) is **DENIED**. The deadlines set forth in the May 15, 2020 Scheduling Order remain unchanged.

Dated at Milwaukee, Wisconsin, this 23rd day of September, 2020.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge

3